## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Wilder Amusements, Inc.

v.

Birmingham Fire Ins. Co.

June 21, 1960

BY JUDGE H. W. MACKENZIE, JR.

Issue has been taken by the defendant with the action of the court in entering judgment upon the jury's verdict of $5,833.33 with interest from June 10, 1958, rather than from the date of the verdict.

The evidence disclosed that the defendant had issued its policy of business interruption insurance to the plaintiff; that a loss had occurred thereunder; that the loss had been adjusted by the plaintiff with an adjuster employed by the defendant who drew a draft upon the defendant in the amount of $5,833.33 on June 10, 1958; that the defendant refused to honor the draft, claiming that the adjustment had been based upon erroneous figures furnished by the plaintiff.

The issue submitted to the jury was not whether the defendant was liable to the plaintiff on the insurance policy, but whether the defendant was bound by the settlement reached between the adjuster and the plaintiff. The verdict of the jury was: "We the jury find for the plaintiff and fix the damages at $5,833.33 plus interest."

Code § 8-223 provides in part: "In any action whether on contract or for tort, the jury may allow interest on the sum found by the verdict, or any part thereof, and fix the period at which the interest shall commence. If a verdict be rendered which does not allow interest, the sum thereby found shall bear interest from its date, and judgment shall be entered accordingly." It will be observed that the quoted code section permits the jury to allow interest and *fix the period at which the interest shall commence* and further provides that if the verdict does not allow interest, same shall commence from the date of the verdict. The verdict in this case does not exactly fit either category. The instructions granted in this case did not tell the jury its authority under § 8-223, and our first problem is to ascertain what the jury meant by what it said.

The issue as framed for the jury in the instructions given left for their determination only whether the adjuster had legally bound the company on June 20, 1958. The fact that the amount of the verdict was in the exact amount of the settlement reached on that date clearly demonstrates that the jury had resolved this focal point of controversy in favor of the plaintiff and against the defendant insurance company, that the insurance company had become obligated to the plaintiff in the amount of $5,833.33 on June 10, 1958. Therefore, when the jury added the phrase "plus interest" to their verdict upon their own initiative, they clearly manifested the intent that the named sum should bear interest from the date such sum was determined to be the amount owed by the defendant to the plaintiff.

There is yet another ground that would require the judgment entered in this case to bear interest from June 10, 1958. The general rule stated in 25 C.J.S. 536 is: "Where money belonging to another is not paid over to the person entitled to receive it at the time it should be paid over, interest will be allowed for the detention."

The rule stated by the Virginia Supreme Court of Appeals in *Bethel & Co. v. Salem Improvement Co.*, 93 Va. 354, 359 (1896), is: "For breach of a contract to pay money, no matter what the amount of inconvenience sustained by the plaintiff, the measure of damages is the interest on the money only."

The verdict of the jury resolved the fact that $5,833.33 had become a liquidated claim of the plaintiff against the defendant as of June 10, 1958. Under the authorities above quoted, the measure of the plaintiff's damage as a matter of law is the interest on the sum specified from that date, and, evading the question of whether the court as a matter of law would have to enter judgment in that form, it certainly has the discretion to allow interest from June 10, 1958, and in the exercise of such discretion, the court does so allow.

The defendant relies heavily upon the case of the *Pittston Co. v. O'Hara*, 191 Va. 886 (1951), as authority for his contention that interest should accrue from the date of the verdict. But this case was decided on a specific series of statutes dealing with the merger of corporations and is not to be taken as general authority for the allowance of interest in contract cases. The following quotation from page 901 of that opinion settles the scope and intent of that decision: "Our function is to construe the statute as written. In discharge of that function, we hold that under the statute, as we interpret it, a dissenting stockholder is not entitled to interest on the ascertained value of his stock from the effective date of the merger." No special statutory enactment or procedure applies in this case.

It is therefore the opinion of the court that the judgment as originally rendered is correct.